# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FILED-EO4

03 OCT 16 PM 3: 57

U.S. DISTRICT COURT

IVANHOE FINANCIAL, INC., a
Delaware corporation,

    Plaintiff,

v.

HIGHLAND BANC CORP, an
Illinois corporation, and WIESLAW
DOMARADZKI,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. **036 7336**

**DOCKETED**

OCT 1 7 2003

Jury Demanded

JUDGE PLUNKETT

MAGISTRATE JUDGE DENLOW

## COMPLAINT

Plaintiff Ivanhoe Financial, Inc., a Delaware corporation, for its complaint for breach of contract, fraud and negligent misrepresentation against defendants Highland Banc Corp, an Illinois corporation, and Wieslaw Domaradzki, an Illinois resident (collectively, "Defendants"), alleges as follows:

### Parties

1.    Plaintiff Ivanhoe Financial, Inc. ("Plaintiff" or "Ivanhoe"), is a Delaware corporation with its principal place of business in Orlando, Florida. Ivanhoe is licensed in Illinois as a mortgage banker (No. MB0005889).

2.    Defendant Highland Banc Corp ("Defendant" or "Highland"), is an Illinois corporation with its principal place of business in Chicago, Illinois. Highland is a licensed Illinois mortgage broker (No. MB0004312).

3.    Defendant Wieslaw Domaradzki ("Domaradzki") is an Illinois resident. At all times relevant hereto Domaradzki was (and is) the President and, on information and belief, an owner of Highland. At all times relevant hereto, Domaradzki controlled, managed and operated on a daily



basis Highland, and was personally responsible for each action undertaken by Highland as alleged in this Complaint.

## Jurisdiction and Venue

4.      This Court has "diversity" jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. Ivanhoe is a citizen of Florida and Delaware and Defendants are both citizens of Illinois.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants reside here and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Factual Allegations

6.      On or about January 12, 2001, Domaradzki, on behalf of Highland, executed a Broker/Lender Agreement with Plaintiff Ivanhoe whereby Highland would package and submit to Ivanhoe residential first and/or second mortgage loan applications that Highland originated and processed, and Ivanhoe would fund and accept such loans submitted in accordance with the Agreement and approved by Ivanhoe.

7.      Among its obligations under the Broker/Lender Agreement, Highland agreed in paragraph 1 that:

> Lender/Broker shall be responsible for the accurate preparation and execution of a complete property and credit loan application on each loan request submitted, including, but not limited to, those items listed below, all as may be required by Ivanhoe in conformance with the policies and procedures of Ivanhoe's as established and as modified from time to time.
> a.      Loan application;
> b.      Supporting credit information;
> c.      Supporting verification of credit, employment, deposits and mortgage payment history.

2

d.     Copies of all federal and state government-required mortgage loan disclosures;

e.     Original appraisal of the subject property;

f.     All other supporting information necessary to substantiate borrower's qualifications for the loan.

8.     Paragraph 4 of the Broker/Lender Agreement provides:

Lender/Broker agrees to indemnify and hold Ivanhoe harmless from and against any and all claims, demands, liabilities, liabilities, causes of action and expenses, including attorney's fees actually incurred, relating to, arising out of or in connection with Lender/Broker's negligence, misconduct or bad faith with regard to any act, error or omission of Lender/Broker hereunder.'

9.     Paragraph 5 of the Broker/Lender Agreement also provides:

With respect to each loan package submitted to Ivanhoe for funding, Lender/Broker hereby represents and warrants that:

a.     It has the authority to sell, transfer and assign each loan application package;

b.     This Agreement and all actions required hereunder have been duly authorized by the Board of Directors of Lender/Broker, if Lender/Broker is a corporation, or by such individual empowered and authorized to bind Lender/Broker, and Lender/Broker shall, upon execution of this Agreement, provide Ivanhoe upon request with evidence reasonably satisfactory to Ivanhoe of such authorization;

c.     Lender/Broker does not know of any suit, action, arbitration, legal, administrative or other proceeding pending or threatened against Lender/Broker which would affect its ability to perform its obligation under this Agreement;

d.     All documents submitted by Lender/Broker in connection with each loan package submitted to Ivanhoe are in every respect valid and genuine, being what on their face they purport to be, and all information provided, including, but not limited to, the credit report and appraisal, submitted in connection with such loan package is complete, true and accurate;

e.     Lender/Broker does not know or have reason to know of any circumstances or conditions with respect to any loan, mortgaged property, mortgagor or mortgagor's credit standing that can be reasonably expected to

cause private institutional investors to regard any loan as an unacceptable investment, cause any loan to become delinquent, or adversely affect the value or marketability of any loan;

f.    No fraudulent or intentionally misleading information has been provided to Ivanhoe with respect to a loan application submitted to Ivanhoe for funding. For purposes of this paragraph, the term "information" shall mean any and all information obtained from or about the borrower or the property, including but not limited to, the credit report and appraisal;

g.    Lender/Broker has at all times complied with any and all applicable federal, state and local laws regarding the origination and processing of residential mortgage loans, including, but not limited to, the Real Estate Settlement Procedures Act, the Equal Credit Opportunity Act, the Truth in Lending Act and the Fair Credit Reporting Act.

All of the representations and warranties set forth above shall inure to the benefit of Ivanhoe and to its successors, affiliates and assigns. All such representations and warranties shall survive (i) any investigation made by or an behalf of Ivanhoe, (ii) liquidation of any related mortgage loan, (iii) purchase of any related mortgage loan from Ivanhoe, (iv) repurchase of any related mortgage loan by Ivanhoe or Lender/Broker, and (v) termination of this Agreement, or any similar event.

10.    In the event that Highland breaches one of its obligations under the Broker/Lender Agreement with respect to any loan application submitted to Ivanhoe, Ivanhoe has the right to require Highland to repurchase the loan under paragraph 9 of the Agreement, which provides:

Ivanhoe may require Lender/Broker to repurchase any loan, which results from a loan application submitted by Lender/Broker pursuant to this Agreement if any covenant, representation or warranty made by the Lender/Broker is breached. Ivanhoe may also enforce any other available remedy at law or in equity. Lender/Broker must pay to Ivanhoe the outstanding principal balance on the loan at the time of the repurchase request, plus any accrued interest, plus any service-release premium or yield spread premium paid to Lender/Broker on such loan, within 30 days of receipt of demand therefore from Ivanhoe. Additionally, Lender/Broker agrees to indemnify and hold Ivanhoe harmless from and against any related losses, damages, judgments or legal expenses, including any additional amounts which Ivanhoe may have paid to repurchase said loan from another investor, for any breach of a covenant, representation or warranty under this Agreement.

11.     In the Fall of 2002, Defendants submitted a loan package to Ivanhoe for a proposed $646,220 residential mortgage loan to Kamil Spicak as borrower on property located at 422 Blackhawk Drive, Westmont, Illinois 60559 (the "Spicak Loan"). The property appraiser was Gregory L. Darling of "Price-Rite Appraisal, Inc."

12.     The Spicak Loan package contained false information on which Defendants intended Ivanhoe to rely in issuing the requested loan. Plaintiff had no knowledge of any of the misrepresentations in the Spicak Loan package and, in reasonable reliance on the fraudulent materials, closed the $646,220 Spicak Loan on January 21, 2003 (Loan No. 1830004223). Pursuant to the Broker/Lender Agreement, Defendant Highland received $10,501.08 from the transaction as "broker's compensation." Upon information and belief, Domaradzki received a secret "kickback" from certain persons whose identities are unknown to Plaintiff at this time for submitting the fraudulent Spicak Loan package to Ivanhoe and for causing Ivanhoe to fund the Spicak Loan.

13.     A subsequent review of the Spicak Loan revealed that the purported appraisal by Gregory Darling was fraudulent. For example, the sales comparables in the appraisal for the Spicak property – which stated an estimated market value of $818,000 – were fabricated and were based on properties actually located in other cities and which had not sold in three years. Moreover, the photographs of the property in the appraisal, dated November 14, 2002, were not even photographs of the Spicak property on which Ivanhoe's loan was made. In addition, the borrower's 2001 W-2 submitted in connection with the Spicak Loan was fabricated as well, since it did not match the borrower's 2001 tax return transcript showing W-2 income as $0. The property's true value at the time of the fraudulent $818,000 appraisal submitted to Ivanhoe by Defendants was only $275,000.

14.     Defendants also submitted a loan package to Ivanhoe in the Fall of 2002 for a proposed $301,950 residential mortgage loan to Myroslaw Ruptash as borrower on property located

5

at 836 N. Springfield Avenue, Chicago, Illinois 60651 (the "Ruptash Loan"). The property appraiser was also Gregory L. Darling of "Price-Rite Appraisal, Inc."

15.    The Ruptash Loan package also contained false information on which Defendants intended Ivanhoe to rely in issuing the requested loan.  Plaintiff had no knowledge of any of the misrepresentations in the Ruptash Loan package and, in reasonable reliance on the fraudulent materials, closed the $301,950 Ruptash Loan on November 13, 2002. (Loan No. 1830003427). Pursuant to the Broker/Lender Agreement, Defendant Highland received $4,529.25 from the transaction as "broker's compensation."  Upon information and belief, Domaradzki also received a secret "kickback" from certain persons whose identities are unknown to Plaintiff at this time for submitting the fraudulent Ruptash Loan package to Ivanhoe and for causing Ivanhoe to fund the Ruptash Loan.

16.    A subsequent review of the Ruptash Loan revealed that the sales comparables in the appraisal for the Ruptash property -- which stated an estimated market value of $335,000 – were fabricated.  The borrower's 2001 W-2 submitted in connection with the loan was also fabricated, as it does not correspond to the borrower's tax return receipt indicating $0 in W-2 income for 2001. The property's true value at the time of the fraudulent $335,000 appraisal submitted to Ivanhoe by Defendants was only $110,000.

17.    After discovering the fraudulent information in the Spicak Loan package submitted by Defendants, Ivanhoe sent to Defendants a  "30 day demand" letter on March 20, 2003,  to repurchase the Loan pursuant to paragraph 9 of the Broker/Lender Agreement, which requires such repurchase "if any covenant, representation or warranty made by the Lender/Broker is breached." (Broker/Lender Agreement, ¶ 9, quoted in paragraph 10 above).  A copy of the Spicak 30 day demand letter is attached hereto as **Exhibit "A."**

6

18.    After discovering the fraudulent information in the Ruptash Loan package submitted by Defendants, Ivanhoe sent to Defendants a "30 day demand" letter on June 6, 2003, to repurchase the Loan pursuant to paragraph 9 of the Broker/Lender Agreement. A copy of the Ruptash 30 day demand letter is attached hereto as **Exhibit "B."**

19.    Because of the numerous instances of false information submitted in the Spicak and Ruptash Loan packages by Defendants, Highland breached at least the following representations and warranties set forth in paragraph 5 of the Broker/Lender Agreement:

    5.    With respect to each loan package submitted to Ivanhoe for funding, Lender/Broker hereby represents and warrants that:

                    \*        \*        \*

        d.    All documents submitted by Lender/Broker in connection with each loan package submitted to Ivanhoe are in every respect valid and genuine, being what on their face they purport to be, and all information provided, including, but not limited to, the credit report and appraisal, submitted in connection with such loan package is complete, true and accurate:

                    \*        \*        \*

        f.    No fraudulent or intentionally misleading information has been provided to Ivanhoe with respect to a loan application submitted to Ivanhoe for funding. For purposes of this paragraph, the term "information" shall mean any and all information obtained from or about the borrower or the property, including but not limited to, the credit report and appraisal[.]

20.    Although Defendants received Ivanhoe's 30 day demand letters to repurchase the Spicak and Ruptash Loans, Defendants did not comply with Ivanhoe's demands or with Highland's obligations to repurchase the loans under paragraph 9 of the Broker/Lender Agreement. Defendants also failed to comply with Ivanhoe's counsel's Pre-Suit Demand Letter, dated July 17, 2003, which was personally delivered by messenger.

## COUNT I – BREACH OF CONTRACT
### (Against Defendant Highland)

21.     Ivanhoe repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 20 above as paragraph 21 of this cause of action as if fully set forth herein.

22.     The Broker/Lender Agreement is a valid and enforceable contract.

23.     Highland breached paragraphs 5 and 9 of the Broker/Lender Agreement.

24.     As a proximate result of Highland's breaches of the Agreement, Ivanhoe has been damaged.

25.     Ivanhoe performed any and all conditions precedent needed to be performed under the Broker/Lender Agreement before the filing of this action.

**WHEREFORE**, Ivanhoe demands judgment in its favor and against Defendant Highland for the following relief:

A.      An order requiring Highland to repurchase the Spicak and Ruptash Loans in accordance with paragraph 9 of the Broker/Lender Agreement;

B.      All other compensatory damages proximately caused by Highland's breach of contract;

C.      Indemnification and attorney's fees and costs of suit in accordance with paragraph 4 of the Broker/Lender Agreement;

D.      Attorney's fees and costs of suit in accordance with paragraph 9 of the Broker/Lender Agreement;

E.      Prejudgment interest; and

F.      Such other and further relief as this Court deems equitable, just and proper.

8

## COUNT II – FRAUDULENT MISREPRESENTATION
### (Against Defendants Highland and Domaradzki)

26. Ivanhoe repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 20 above as paragraph 26 of this cause of action as if fully set forth herein.

27. Defendants submitted loan packages to Ivanhoe for the Spicak and Ruptash Loans that contained false statements of material fact.

28. Defendants knew or recklessly disregarded that the Spicak and Ruptash Loan packages contained false statements of material fact.

29. Defendants intended that Ivanhoe rely on the false information in the Spicak and Ruptash Loan packages.

30. Ivanhoe reasonably relied on the false information in the Spicak and Ruptash Loan packages and was damaged thereby.

**WHEREFORE**, Ivanhoe demands judgment in its favor and against Defendants Highland and Domaradzki for the following relief:

A. Compensatory damages proximately caused by Defendants' fraudulent misrepresentation;

B. Prejudgment interest;

C. Punitive damages as a result of Defendants' egregious conduct; and

D. Such other and further relief as this Court deems equitable, just and proper.

## COUNT III – NEGLIGENT MISREPRESENTATION
### (Against Defendants Highland and Domaradzki)

31.     Ivanhoe repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 20 above as paragraph 31 of this cause of action as if fully set forth herein.

32.     Defendants are in the business of supplying information for the guidance of others.

33.     Defendants provided Ivanhoe information for the guidance of Ivanhoe in its business dealings that contained false statements of material fact.

34.     Defendants were under a duty to communicate accurate information to Ivanhoe in connection with the Spicak and Ruptash Loan packages and were negligent in ascertaining the truth of the information provided to Ivanhoe.

35.     Ivanhoe reasonably relied on the fraudulent information provided by Defendants in funding the Spicak and Ruptash Loans and was damaged thereby.

**WHEREFORE**, Ivanhoe demands judgment in its favor and against Defendants Highland and Domaradzki for the following relief:

A.     Compensatory damages proximately caused by Defendants' negligent misrepresentation;

B.     Indemnification and attorney's fees and costs of suit against Highland in accordance with paragraph 4 of the Broker/Lender Agreement;

C.     Attorney's fees and costs of suit against Highland in accordance with paragraph 9 of the Broker/Lender Agreement;

D.     Prejudgment interest; and

E.     Such other and further relief as this Court deems equitable, just and proper.

10

## Jury Demand

Ivanhoe hereby requests trial by jury on all claims above for which a jury is permitted by

law.

Dated: October 16, 2003

Respectfully submitted,

IVANHOE FINANCIAL, INC.

By: _____
One of Its Attorneys

**MYRON M. CHERRY & ASSOCIATES, LLC**
Myron M. Cherry
Daniel J. Becka
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
(312) 372-2100
Firm No. 39807

11



# IVANHOE

### Ivanhoe Financial, Inc.

604 Courtland Street, Suite 320
Orlando, Florida 32804

TEL:   (407) 599-0900 x 119
FAX:   (407) 599-0888

March 20, 2003

Via Facsimile and Federal Express
Highland Banc Corp.
Attn:  Wes Domaradzki, President
5445 N. Harlem Avenue, First Floor
Chicago, IL  60656

      Re:    Ivanhoe Loan #1830004223
              Request for Repurchase

Dear Mr. Domaradzki:

The Quality Control Department at Ivanhoe Financial, Inc. selected the below referenced loan for a quality control review because our investor refused to purchase this loan due to appraisal misrepresentation.

Borrower: Kimal Spicak           Property: 422 Blackhawk Drive, Westmont, IL
Loan No.: 1830004223         Loan Status:  First payment 3/1/03 outstanding

Unfortunately, our review revealed evidence of significant material appraisal misrepresentation.

This letter shall serve as notice that a breach has occurred under the terms and conditions of the Broker Agreement executed between your company and Ivanhoe Financial, Inc. ("Ivanhoe").  As a result of that breach, your company has a contractual obligation to repurchase this loan within 30 days.  Ivanhoe herewith makes a repurchase demand as follows:

      Payoff Amount:      $ 650,568.45   as of March 20, 2003
      Broker Compensation:  $  10,501.08

      **Total Due by 4/20/03:  $ 661,069.53**
      Per Diem: $112.87 beginning March 21, 2003

Should you have any questions or need anything further, please do not hesitate to contact me.

                    Sincerely,

                    Ivanhoe Financial, Inc.

                  By:    Beth  Hollingsworth, V.P.
                            Compliance/Quality Assurance

**A**

# IVANHOE

## Ivanhoe Financial, Inc.

604 Courtland Street, Suite 320
Orlando, Florida 32804

TEL:    (407) 571-5800 x1119
FAX:    (407) 398-0262

June 6, 2003

Via Certified Mail Return Receipt Requested                    CONFIDENTIAL
Wes Domardzki, President
Highland Banc Corp
6945 W. Archer
Chicago, IL 60638
Facsimile 773-229-9190

COPY

Re:    Borrower: Ruptash, Myroslaw
       Loan No: 1830003427
       Property: 836 N. Springfield Avenue, Chicago, IL 60651
       Appraiser: Gregory Darling
       Broker/Lender Agreement dated: January 12, 2001

Dear : Mr. Domardzki,

The above referenced loan closed with Ivanhoe Financial, Inc. on November 13, 2002. The Quality Control Department at Ivanhoe Financial, Inc. selected this loan for a quality control review. Unfortunately, our review confirmed evidence of material misrepresentation.

This letter shall serve as notice that a breach has occurred under the terms and conditions of the Broker Agreement executed between your company and Ivanhoe Financial, Inc. ("Ivanhoe"). As a result of that breach, your company has a contractual obligation to reimburse Ivanhoe for the full amount of this loan.

Ivanhoe herewith makes a demand for repurchase, which is payable within 30 days from the date of this letter:

| | |
|---|---|
| Payoff Amount: | $340,041.70 |
| Broker Compensation: | $4,529.25 |
| Total Due by: 7/6/03 | $344,570.95 |
| Per Diem: | $63.08 |

**Please submit $344,570.95 payable to Ivanhoe Financial, Inc. by July 6, 2003. Please notify us immediately if the borrower has refinanced, or is in the process of refinancing, this loan with another lender prior to that date.**

Should you have any questions or need anything further, please do not hesitate to contact me.

Sincerely,

Ivanhoe Financial, Inc.

By:    Beth Hollingsworth, V.P.
       Compliance Officer

B

Civil Cover Sheet

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

FILED-ED4

03 OCT 16 PM 3: 52

CLERK
U.S. DISTRICT COURT

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

| | |
|---|---|
| Plaintiff(s): Ivanhoe Financial, Inc. | Defendant(s):Highland Banc Corp. and Wieslaw Domaradzki |
| County of Residence: Florida | County of Residence: Cook County, Illinois |
| Plaintiff's Atty: Myron M. Cherry/Daniel J. Becka Myron M. Cherry & Associates LLC 30 N. LaSalle St., Ste. 2300, Chicago, IL, 60602 (312) 372-2100 | Defendant's Atty: |

DOCKETED

OCT 17 2003

II. Basis of Jurisdiction:      **4. Diversity (complete item III)**

JUDGE PLUNKETT

III. Citizenship of Principal Parties
(Diversity Cases Only)

**08C 7336**

           Plaintiff:- **2 Citizen of Another State**
           Defendant:- **1 Citizen of This State**

MAGISTRATE JUDGE DENLOW

IV. Origin :                **1. Original Proceeding**

V. Nature of Suit:         **190 Other Contract**

VI.Cause of Action:        **Breach of contract, fraud and negligent misrepresentation arising from fraudulent loan applications submitted by Defendant mortgage broker to Plaintiff lender for loans on Illinois property. Jurisdiction is proper under 28 U.S.C. Sec. 1332(a).**

VII. Requested in Complaint
       Class Action: **No**
       Dollar Demand: **In excess of $75,000**
       Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _Dan Becka_

Date: _10-16-03_

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**      Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of          Ivanhoe Financial, Inc., Plaintiff

**DOCKETED**

OCT 1 7 2003

v.

Highland Banc Corp. and Wieslaw          Case Number:
Domaradzki, Defendants

FILED-ED4

03 OCT 16 PM 3: 57

CLERK
U.S. DISTRICT COURT

03C 7336

JUDGE PLUNKETT

MAGISTRATE JUDGE DENLOW

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Ivanhoe Financial, Inc., a Delaware corporation, Plaintiff

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME   Myron M. Cherry | NAME   Daniel J. Becka |
| FIRM   Myron M. Cherry & Associates LLC | FIRM   Myron M. Cherry & Associates LLC |
| STREET ADDRESS   30 North LaSalle Street, Suite 2300 | STREET ADDRESS   30 North LaSalle Street, Suite 2300 |
| CITY/STATE/ZIP   Chicago, Illinois  60603 | CITY/STATE/ZIP   Chicago, Illinois  60603 |
| TELEPHONE NUMBER (312) 372-2100   FAX NUMBER (312) 853-0279 | TELEPHONE NUMBER (312) 372-2100   FAX NUMBER (312) 853-0279 |
| E-MAIL ADDRESS mcherry@cherry-law.com | E-MAIL ADDRESS dbecka@cherry-law.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)   4334308 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)   6202427 |
| MEMBER OF TRIAL BAR?   YES  X   NO ☐ | MEMBER OF TRIAL BAR?   YES  X   NO ☐ |
| TRIAL ATTORNEY?   YES  X   NO ☐ | TRIAL ATTORNEY?   YES  X   NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☐ |
| (C) | (D) |
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER   FAX NUMBER | TELEPHONE NUMBER   FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES ☐   NO ☐ | MEMBER OF TRIAL BAR?   YES ☐   NO ☐ |
| TRIAL ATTORNEY?   YES ☐   NO ☐ | TRIAL ATTORNEY?   YES ☐   NO ☐ |