# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IVANHOE FINANCIAL, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 7336 |
| | ) | |
| HIGHLAND BANC CORP, | ) | Judge John W. Darrah |
| an Illinois corporation; and | ) | |
| WIESLAW DOMARADZKI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ivanhoe Financial, Inc., filed suit against Defendants, Highland Banc Corp and

Wieslaw Domaradzki.

Presently before the Court is Defendants' Motion to Dismiss and Strike Plaintiff's Second

Amended Complaint.[1] The motion to dismiss challenges Plaintiff's breach of contract claim,

(Count I) and Illinois Consumer Fraud and Deceptive Practices Act claim, 815 ILCS 505/1

(Count IV). For the following reasons, the motion is denied.

---

[1] Plaintiff's first complaint alleged Defendants breached a contract (Count I), committed fraudulent misrepresentation (Count II), and committed negligent misrepresentation (Count III). Thereafter, Plaintiff was given leave to file an amended complaint and added a claim, in a separate pleading, alleging a violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 (Count IV). Plaintiff was then given leave to file a Second Amended Complaint by voluntarily dismissing Counts II and III; however, Plaintiff has not filed one complaint that sets out its remaining allegations and claims, Counts I and IV.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purposes of this motion, are taken as true from Plaintiff's Second Amended Complaint. Plaintiff entered into a Broker/Lender Agreement with Defendants, whereby Defendants, as a service to Plaintiff, would package and submit to Plaintiff certain residential mortgage loan applications that Defendants originated and processed. Approved loans would then be funded and accepted by Plaintiff in accordance with the Agreement. Plaintiff would then provide Defendants with a broker's compensation on each loan.

Paragraph five of the Agreement requires, in pertinent part, that:

With respect to each loan package submitted to [Plaintiff] for funding, [Defendants] hereby represent[] and warrant[] that . . .

2

d. All documents submitted by [Defendants] in connection with each loan package submitted to [Plaintiff] are in every respect valid and genuine, being what on their face they purport to be, and all information provided, including, but not limited to, the credit report and appraisal, submitted in connection with such loan package is complete, true and accurate . . . .

f. No fraudulent or intentionally misleading information has been provided to [Plaintiff] with respect to a loan application submitted to [Plaintiff] for funding. For purposes of this paragraph, the term "information" shall mean any and all information obtained from or about the borrower or the property, including but not limited to, the credit report and appraisal . . . .

In the Fall of 2002, Defendants submitted loan packages to Plaintiff for two residential properties. The first loan, for Kamil Spicak, was for a property located at 422 Blackhawk Drive in Westmont, Illinois. The second loan, for Myroslaw Ruptash, was for a property located at 836 N. Springfield Avenue in Chicago, Illinois. Plaintiff later discovered that the loan packages were fraudulent, in violation of the Agreement, by containing fabricated sales comparables in the property appraisals and fabricated tax return and income information for the prospective purchasers. Incorrect photographs for the Blackhawk Drive property were also submitted with that loan application.

After discovering this false information, Plaintiff sent Defendants letters asking Defendants to repurchase the loans, as is required under paragraph nine of the Agreement "if any covenant, representation, or warranty made by the Lender/Broker is breached." Defendants did not repurchase the loans.

3

## ANALYSIS

Defendants seek to dismiss Count I, the breach of contract claim, and Count IV, the Consumer Fraud Act Claim. Defendants also seek to strike certain allegations in the Complaint which allege Defendants received a secret "kickback" in return for submitting the fraudulent loan packages. Finally, Defendants argue that the Complaint violated basic pleading requirements because, in part, the claims are scattered across multiple documents.

Defendants contend the breach of contract claim should be dismissed because Plaintiff has not alleged the existence of a valid contract, the terms of the contract, a material breach of the contract, or any damages. The allegations of the contract count adequately set out a claim when read in context of other allegations in the Complaint.

Defendants next argue that the Consumer Fraud Act claim should be dismissed because: (1) Plaintiff is not a consumer under the Act and has failed to allege any consumer protection nexus, (2) Plaintiff has failed to plead the fraud with the particularity required under Federal Rule of Civil Procedure 9, and (3) Plaintiff has not alleged an injury under the Act.

"A plaintiff must either allege a nexus with Illinois consumers or allege it was a consumer of a defendant's merchandise." *Menard, Inc. v. Countryside Indus., Inc.*, 01 7142, 2004 Wl 1336382, at * 2 (N.D. Ill. Jun. 14, 2004) (citation omitted). A consumer is "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). Business entities, such as Plaintiff, may be considered persons under the Consumer Fraud Act. 815 ILCS 505/1(c).

4

Defendants contend that Plaintiff purchased loans with the intent of reselling those loans. As evidence of this attempted resale, Defendants cite a letter attached to Plaintiff's Complaint which states that Plaintiff's "investor refused to purchase this loan due to appraisal misrepresentation."[2] Defendants also argue that other allegations in the Complaint demonstrate that Plaintiff was not the end-user of the loan. Plaintiff, though, alleges that it purchased services from Defendants relating to the origination, processing, and submission of information contained in the loan packages. While Defendants assert this allegation is inconsistent with other allegations in the Complaint, Plaintiff is permitted to plead inconsistent claims. Fed. R. Civ. P. 8(a), (e)(2). Further, whether Plaintiff purchased loans or services from Defendants is a factual matter not appropriate to resolve on a motion to dismiss.

Defendants also argue that Plaintiff has failed to plead its Consumer Fraud Act claims with particularity, as required under Federal Rule of Civil Procedure 9(b). Consumer Fraud Act claims which sound in fraud, as Plaintiff's claim does, must be pled with particularity. *Salon Group, Inc. v. Salberg*, No. 00 C 1754, 2002 WL 1058125, at *1 n.1 (N.D. Ill. Mar. 29, 2002). "[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). In order to survive dismissal, the plaintiff must plead the who, what, when, and where of the alleged fraud. *See Lachmund v. ADM Investor Serv., Inc.*, 191 F.3d 777, 782 (7th Cir. 1999) (quotations omitted). "The allegations must be specific enough to provide the defendants with a general outline of how the alleged fraud scheme operated and of their purported role in the scheme." *Rohlfing v. Manor Care, Inc.*, 172 F.R.D.

---

[2] Federal Rule of Civil Procedure 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Therefore, this letter may be considered on a motion to dismiss.

5

330, 347 (N.D. Ill.1997) (citations omitted). To determine whether counts are sufficiently pled, a court will bear in mind the purposes of Rule 9(b): "(1) protecting the defendants' reputations; (2) preventing fishing expeditions; and (3) providing adequate notice to the defendants." *Rohlfing*, 172 F.R.D. at 347 (citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir.1994)).

Plaintiff has pled its Consumer Fraud Act claim with sufficient particularity. As discussed above, Defendants allegedly defrauded Plaintiff in the Fall of 2002 by preparing loan packages for certain properties that contained fraudulent and incorrect information. These allegations are sufficient to place Defendants on notice of the fraud claim and to provide a general outline of how the scheme worked.

Defendants further argue that Plaintiff has failed to plead an injury under the Consumer Fraud Act. However, Plaintiff is not required to plead an injury and has sufficiently pled that the Act was violated regarding Plaintiff.

Defendants next contend that allegations that Defendants received a secret "kickback" in return for submitting the fraudulent loan packages should be stricken from the Complaint. Plaintiff concedes these allegations are unnecessary to Counts I and IV and does not object to such sentences being stricken.

Finally, Defendants argue that Plaintiff's Complaint should be dismissed because it is not presented in a clear and concise manner, as the claims are scattered across multiple documents. Furthermore, some of the claims in the Complaint have been voluntarily dismissed but still remain part of the operative pleading. While this practice is not efficient, it does not warrant

6

dismissal of the Complaint. Therefore, Plaintiff is directed to file an amended complaint within fourteen days of the date of this order, consistent with this opinion, that pleads the two remaining claims and deletes the allegations concerning the secret kickbacks.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied. Plaintiff is directed to file an amended complaint consistent with this opinion.

Date: 6-9-05

JOHN W. DARRAH, Judge
United States District Court