# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IVANHOE FINANCIAL, INC., a Delaware corporation, ) ) ) | |
| Plaintiff, ) | No. 03 C 7336 |
| v. ) ) | Judge John W. Darrah |
| HIGHLAND BANC CORP, an Illinois corporation, and WIESLAW DOMARADZKI, ) ) ) ) | Magistrate Judge Morton Denlow |
| Defendants. ) | |

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

Plaintiff Ivanhoe Financial, Inc. ("Plaintiff" or "Ivanhoe"), by and through its counsel, hereby requests that the Court enter a Final Judgment By Consent Against Defendants Highland Banc Corp and Wieslaw Domaraczki (collectively "Defendants"), in accordance with the Settlement Agreement and Release, dated as of September 23, 2005, between Ivanhoe and Highland Banc Corp ("Highland") and Wieslaw Domaradzki ("Domaradzki") ("Settlement Agreement") submitted hereto as Exhibit A. In support hereof, Ivanhoe states:

**I.  Defendant Entered Into A Valid And Binding Settlement Agreement**

1. Plaintiff's Complaint herein was filed on October 16, 2003. Plaintiff's claims for breach of contract and negligent misrepresentation arose from the submission by Defendant to Plaintiff of certain loan application packages pursuant to the Broker/Lender Agreement between the parties, which packages contained false and fraudulent information upon which Plaintiff relied in making residential mortgage loans on property in Illinois. Plaintiff claimed more than $1,000,000.00 in damages against Defendants.

2. Plaintiff and Defendants subsequently entered into the Settlement Agreement (Exhibit A). Pursuant to the Settlement Agreement, Defendants, *inter alia*, agreed to a settlement amount which required an initial payment with the remaining balance (the "Account") to be paid over approximately the next five years in monthly installments of Five Thousand Five Hundred Eighty-Three and 33/100 Dollars ($5,583.33). Ex. A, ¶ 1(B).

4. The Settlement Agreement also provides, in relevant part:

> If HIGHLAND and DOMARADZKI remain in default for a period of 60 days after IVANHOE's sending of the notice of default by overnight courier referred to in Paragraph 1(B) above, then HIGHLAND and DOMARADZKI shall be deemed to have consented to the entry of a Final Judgment in the form attached hereto as Exhibit A without any further notice or other action required on IVANHOE's part (the "Consent"). The Final Judgment shall be in the amount of THREE HUNDRED THIRTY-FIVE THOUSAND DOLLARS ($335,000.00), less the amounts paid by HIGHLAND and DOMARADZKI to the date of Consent. The Final Judgment may be filed by IVANHOE with the Court if the Account remains in default for a period of 60 days after IVANHOE's sending of the notice of default by overnight courier. A notarized statement by any officer of IVANHOE attesting to the date and method of sending such notice shall be deemed sufficient to prove the sending of the notice of default by IVANHOE. HIGHLAND and DOMARADZKI agree that the Final Judgment, in the form attached hereto, may be presented by IVANHOE to the Court in this action for signature without the necessity of a hearing.

Ex. A, ¶ 1(C) (emphasis added).

## II. Defendants Defaulted Under the Agreement, Warranting The Entry of Judgment

5. Defendants defaulted under the Settlement Agreement by failing to make the required monthly payments of $5,059.53 and by failing to cure the default within 15 days after Ivanhoe sent to Highland and Domaradzki a notice of default. As attested to by Paul Reich (President of Ivanhoe) in his Affidavit attached hereto as Exhibit B:

> Beginning in February 2008, Highland Banc and Domaradzki failed to make the monthly settlement payments of Five Thousand Five hundred Eighty-three and

2

33/100 Dollars ($5,583.33) as required under Paragraph 1(B) of the Settlement Agreement. Pursuant to Paragraph 1(B), on or about April 11, 2008 (Friday), Ivanhoe, through its attorneys, sent to Highland Banc and Domaradzki (via overnight delivery) a written notice of the default under the Settlement Agreement. In accordance with the Settlement Agreement, the notice of default was addressed to Wieslaw Domaradzki, Highland Banc Corp., 6945 West Archer Avenue, Chicago, Illinois, 60638. Delivery receipt confirms delivery of the notice of default to Domaradzki and Highland Banc on April 14, 2008 (Monday).

Ex. B, ¶ 2.

6. Defendants' default under the Settlement Agreement continued for a period in excess of 60 days after Ivanhoe's sending of the notice of default in accordance with Paragraph 1(C) of the Settlement Agreement, and such default continues today. See Reich Aff., Ex. B, ¶ 3. Accordingly, Defendants are deemed to have consented to the entry of the Final Judgment by Consent Against Defendants Highland Banc Corp and Wieslaw Domaradzki (Exhibit C) in the amount of One Hundred Eighty-Five Thousand Four Hundred Sixty-Five and 09/100 Dollars ($185,465.09), in accordance with Paragraph 1(C) of the Settlement Agreement.[1] Pursuant to Paragraph 1(C) of the Settlement Agreement, Defendants agreed that the Final Judgment may be presented by Ivanhoe to the Court for signature without the necessity of a hearing. Ex. A, ¶ 1(C).

## III. Conclusion

For the reasons stated herein, Plaintiff requests that the Court sign and enter the Final Judgment (Exhibit C) in accordance with the Settlement Agreement between the parties.

Dated: August 6, 2008.                                                 Respectfully submitted,

                                                                /s/ Daniel J. Becka

---

[1] Such Final Judgment is identical to Exhibit A to the Settlement Agreement, except that the amount of the Judgment reflects the agreed upon amount of $420,000 less the payments made by Defendant to date ($234,534.91), in accordance with Paragraph 1(C) of the Settlement Agreement.

Daniel J. Becka
MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street
Suite 2300
Chicago, Illinois 60602
(312) 372-2100
Attorneys for Plaintiff Ivanhoe Financial, Inc.