| | | |
|---|---|---|
| IVANHOE FINANCIAL, INC., a<br>Delaware corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 7336 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| HIGHLAND BANC CORP, an | ) | Magistrate Judge Morton Denlow |
| Illinois corporation, and WIESLAW | ) | |
| DOMARADZKI, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S RENEWED MOTION FOR ENTRY OF JUDGMENT

Plaintiff Ivanhoe Financial, Inc. ("Plaintiff" or "Ivanhoe"), by and through its counsel, hereby requests that the Court enter a Final Judgment By Consent Against Defendants Highland Banc Corp and Wieslaw Domaraczki (collectively "Defendants"), in accordance with the Settlement Agreement and Release, dated as of September 23, 2005, between Ivanhoe and Highland Banc Corp ("Highland") and Wieslaw Domaradzki ("Domaradzki") ("Settlement Agreement") submitted hereto as Exhibit A. In support hereof, Ivanhoe states:

**I.    Defendant Entered Into A Valid And Binding Settlement Agreement**

1.    Plaintiff's Complaint herein was filed on October 16, 2003. Plaintiff's claims for breach of contract and negligent misrepresentation arose from the submission by Defendant to Plaintiff of certain loan application packages pursuant to the Broker/Lender Agreement between the parties, which packages contained false and fraudulent information upon which Plaintiff relied in making residential mortgage loans on property in Illinois. Plaintiff claimed more than $1,000,000.00 in damages against Defendants.

2.     Plaintiff and Defendants subsequently entered into the Settlement Agreement (Exhibit A).  Pursuant to the Settlement Agreement, Defendants, *inter alia*, agreed to a Settlement amount which required an initial payment with the remaining balance (the "Account") to be paid over approximately the next five years in monthly installments of Five Thousand Five Hundred Eighty-Three and 33/100 Dollars ($5,583.33).  Ex. A, ¶ 1(B).

3.     The Settlement Agreement also provides, in relevant part:

> If HIGHLAND and DOMARADZKI remain in default for a period of 60 days after IVANHOE's sending of the notice of default by overnight courier referred to in Paragraph 1(B) above, then HIGHLAND and DOMARADZKI shall be deemed to have consented to the entry of a Final Judgment in the form attached hereto as Exhibit A without any further notice or other action required on IVANHOE's part (the "Consent").  The Final Judgment shall be in the amount of THREE HUNDRED THIRTY-FIVE THOUSAND DOLLARS ($335,000.00), less the amounts paid by HIGHLAND and DOMARADZKI to the date of Consent.  The Final Judgment may be filed by IVANHOE with the Court if the Account remains in default for a period of 60 days after IVANHOE's sending of the notice of default by overnight courier.  A notarized statement by any officer of IVANHOE attesting to the date and method of sending such notice shall be deemed sufficient to prove the sending of the notice of default by IVANHOE. HIGHLAND and DOMARADZKI agree that the Final Judgment, in the form attached hereto, may be presented by IVANHOE to the Court in this action for signature without the necessity of a hearing.

Ex. A, ¶ 1(C) (emphasis added).

## II.     **Defendants Defaulted Under the Agreement, Warranting The Entry of Judgment**

4.     Defendants defaulted under the Settlement Agreement by failing to make the required monthly payments of $5,059.53 and by failing to cure the default within 15 days after Ivanhoe sent to Highland and Domaradzki a notice of default.  As attested to by Paul Reich (President of Ivanhoe) in his Affidavit attached hereto as Exhibit B:

> Beginning in February 2008, Highland Banc and Domaradzki failed to make the monthly settlement payments of Five Thousand Five hundred Eighty-three and 33/100 Dollars ($5,583.33) as required under Paragraph 1(B) of the Settlement

Agreement. Pursuant to Paragraph 1(B), on or about April 11, 2008 (Friday), Ivanhoe, through its attorneys, sent to Highland Banc and Domaradzki (via overnight delivery) a written notice of the default under the Settlement Agreement. In accordance with the Settlement Agreement, the notice of default was addressed to Wieslaw Domaradzki, Highland Banc Corp., 6945 West Archer Avenue, Chicago, Illinois, 60638. Delivery receipt confirms delivery of the notice of default to Domaradzki and Highland Banc on April 14, 2008 (Monday).

Ex. B, ¶ 2.

5.    Defendants' default under the Settlement Agreement continued for a period in excess of 60 days after Ivanhoe's sending of the notice of default in accordance with Paragraph 1(C) of the Settlement Agreement, and such default continues today. See Reich Aff., Ex. B, ¶ 3. Accordingly, Defendants are deemed to have consented to the entry of the Final Judgment by Consent Against Defendants Highland Banc Corp and Wieslaw Domaradzki (Exhibit C) in the amount of One Hundred Eighty-Five Thousand Four Hundred Sixty-Five and 09/100 Dollars ($185,465.09), in accordance with Paragraph 1(C) of the Settlement Agreement.[1] Pursuant to Paragraph 1(C) of the Settlement Agreement, Defendants agreed that the Final Judgment may be presented by Ivanhoe to the Court for signature without the necessity of a hearing. Ex. A, ¶ 1(C).

---

[1]    Such Final Judgment is identical to Exhibit A to the Settlement Agreement, except that the amount of the Judgment reflects the agreed upon amount of $420,000 less the payments made by Defendant to date ($234,534.91), in accordance with Paragraph 1(C) of the Settlement Agreement.

## III.    Conclusion

For the reasons stated herein, Plaintiff requests that the Court sign and enter the Final

Judgment (Exhibit C) in accordance with the Settlement Agreement between the parties.

Dated: June 18, 2009                                    Respectfully submitted,

                                                        /s/Paul H. Scheuerlein

Daniel J. Becka
MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street
Suite 2300
Chicago, Illinois  60602
(312) 372-2100

Paul H. Scheuerlein
Gaido & Fintzen
30 North LaSalle Street
Suite 3010
Chicago, IL 60602
(312) 346-7855
Attorneys for Plaintiff Ivanhoe Financial, Inc.

Exhibit A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter "Agreement") is made and entered into as of September 23, 2005, by and between IVANHOE FINANCIAL, INC., a Delaware corporation ("IVANHOE"), HIGHLAND BANC CORP, an Illinois corporation ("HIGHLAND"), and WIESLAW DOMARADZKI, an Illinois resident ("DOMARADZKI").

WHEREAS, there was certain litigation pending between the parties in the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"), which is captioned and styled *Ivanhoe Financial, Inc v. Highland Banc Corp and Wieslaw Domaradzki,* Court No. 03 C 7336 (hereinafter "the Litigation"); and

WHEREAS, IVANHOE, HIGHLAND, and DOMARADZKI desire and have agreed to settle the Litigation in accordance with the terms of this Agreement in the sole interest of avoiding the costs and inconvenience of litigation, and not as any admission of liability or wrongdoing or a reflection of the strengths or weaknesses of any claim or defense asserted;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, including, but not limited to, the covenants and agreements hereinafter set forth, the parties agree as follows:

1. In settlement of all claims as provided for herein, HIGHLAND and DOMARADZKI, individually and collectively, agree to pay IVANHOE (a) the sum of Four Hundred Twenty Thousand Dollars ($420,000) (the "Non-Contingent Settlement Amount"); plus (b) twenty-five percent (25%) of any and all amounts recovered by HIGHLAND and/or DOMARADZKI in this Litigation as described below (the "Contingent Settlement Amount"), payable as follows:

   A. Upon execution of this Agreement, HIGHLAND and DOMARADZKI shall tender to IVANHOE's counsel a settlement check totaling Eighty-Five Thousand Dollars

($85,000) and made payable to Myron M. Cherry & Associates LLC, as attorney for Ivanhoe Financial, Inc.

B.     HIGHLAND and DOMARADZKI will pay the remaining $335,000 of the Non-Contingent Settlement Amount until paid (approximately five years) in monthly installments of Five Thousand Five Hundred Eighty-Three and 33/100 Dollars ($5,583.33), which monthly installments shall be payable directly to Ivanhoe Financial, Inc. The first payment will be due on November 1, 2005, and each succeeding payment shall be due on the first of each month thereafter until paid in full. The balance remaining of the Non-Contingent Settlement Amount to be paid to IVANHOE pursuant to this Agreement is referred to herein as the "Declining Account." HIGHLAND and DOMARADZKI will be considered in default if they are at least 15 days late on any payment. Upon such default and in the event that IVANHOE forwards a notice of default to HIGHLAND and DOMARADZKI that is not cured within 15 days after IVANHOE's sending of the notice of default by overnight courier, then the entire balance due hereunder shall be immediately due and payable.

C.     If HIGHLAND and DOMARADZKI remain in default for a period of 60 days after IVANHOE's sending of the notice of default by overnight courier referred to in Paragraph 1(B) above, then HIGHLAND and DOMARADZKI shall be deemed to have consented to the entry of a Final Judgment in the form attached hereto as Exhibit A without any further notice or other action required on IVANHOE's part (the "Consent"). The Final Judgment shall be in the amount of THREE HUNDRED THIRTY-FIVE THOUSAND DOLLARS ($335,000.00), less the amounts paid by HIGHLAND and DOMARADZKI to the date of Consent. The Final Judgment may be filed by IVANHOE with the Court if the Account remains in default for a period of 60 days after IVANHOE's sending of

the notice of default by overnight courier. A notarized statement by any officer of IVANHOE attesting to the date and method of sending such notice shall be deemed sufficient to prove the sending of the notice of default by IVANHOE. HIGHLAND and DOMARADZKI agree that the Final Judgment, in the form attached hereto, may be presented by IVANHOE to the Court in this action for signature without the necessity of a hearing. HIGHLAND and DOMARADZKI waive the making of any findings of fact and conclusions of law in the Final Judgment, and waive their rights to appeal or otherwise contest the validity of the Final Judgment, but retains the right to dispute the balance of the Account. HIGHLAND and DOMARADZKI waive personal service upon them of the Final Judgment when entered in this action and agrees that the filing of the signed Final Judgment with the Clerk of the Court for the United States District Court for the Northern District of Illinois, along with sending an entered copy of the same via U.S. Mail, first class postage prepaid, to HIGHLAND and DOMARADZKI at the address set forth in this Agreement, shall constitute actual notice to HIGHLAND and DOMARADZKI of the entry of the Final Judgment. HIGHLAND and DOMARADZKI admit the jurisdiction of the Court over them and over the subject matter of this action, and agree that the Court shall retain jurisdiction over them and this action for all purposes, including, but not limited to, the enforcement of the Final Judgment. In the event of default by HIGHLAND and DOMARADZKI, post judgment interest will be assessed on the unpaid balance and will start accruing on the date the Final Judgment is entered and at the maximum rate available under Illinois law. Assuming that this Agreement is satisfied in full by the payment by HIGHLAND and DOMARADZKI of all

amounts due hereunder, then the Consent shall be null and void, and have no legal force or effect.

D.  IVANHOE shall have a contingent interest and lien in any and all sums paid to either HIGHLAND or DOMARADZKI in this Litigation, whether through judgment, arbitration award, settlement or other disposition of the Litigation (the "Recoveries"), in the amount of twenty-five percent (25%) of any such Recoveries. The Recoveries shall be determined by the amounts which HIGHLAND and DOMARADZKI are entitled to receive after deduction of the fees and costs of Litigation in accordance with HIGHLAND and DOMARADZKI's fee agreement with their counsel in this Litigation (the "Contingent Settlement Amount"). Payment of the Contingent Settlement Amount shall be made as Recoveries are received by HIGHLAND and/or DOMARADZKI, and as disbursements are made to them of such amounts, and shall not wait until final resolution of the entirety of the Litigation.

2.  Upon receipt by IVANHOE's counsel of the initial $85,000 settlement payment, IVANHOE shall cause to be filed in the Court where the Litigation is pending an Agreed Order of Dismissal, a copy of which is attached hereto as Exhibit "B." Upon receipt by IVANHOE of all amounts due under this Agreement, IVANHOE shall cause to be provided to the Court where the Litigation is pending notice that Defendants' settlement obligations under this Agreement have been satisfied and that the Litigation should be dismissed with prejudice, as provided for in the Agreed Order of Dismissal. Ivanhoe is to provide notice to the Court of the satisfaction of HIGHLAND and DOMARADZKI'S settlement obligations under this Agreement within 5 business days of the final settlement payment. In the event that IVANHOE does not receive the amounts due under this Agreement as set forth herein, then IVANHOE, in its sole discretion, may advise the Court that Defendants' settlement obligations under this Agreement have not been

met, and that the Litigation should accordingly be reinstated without prejudice to IVANHOE'S rights to assert any and all of the claims existing in the Litigation prior to entry of the Agreed Order of Dismissal (including any claims that might otherwise be barred by any applicable statute of limitations because of the pendency of the Agreed Order and/or the dismissal of this action without prejudice). If IVANHOE reinstates the litigation, HIGHLAND and DOMARADZKI may assert any and all affirmative defenses and counterclaims existing in the Litigation prior to entry of the Agreed Order of Dismissal (including any affirmative defenses and counter claims that might otherwise be barred by any applicable statute of limitations because of the pendency of the Agreed Order of Dismissal and/or dismissal of this action without prejudice.)

3. IVANHOE, for itself and its agents, employees, representatives, attorneys, predecessors, subsidiaries, successors, assigns, heirs, executors and administrators, does hereby release, remise and forever discharge HIGHLAND and its affiliates, predecessors, successors, assigns, agents, representatives, partners, officers, employees, attorneys and insurers, and each of them individually and collectively, from all claims, causes of action, suits, debts, damages and demands, whatsoever, either in law or equity, which IVANHOE asserted or could have asserted by reason of any matter arising out of or in any way connected to the allegations pled in the Litigation. It is the intention of the parties that HIGHLAND be released of any claims regarding any matters relating to the relationship between IVANHOE, HIGHLAND, and DOMARADZKI as evidenced by the Broker/Lender Agreement between them.

4. IVANHOE, for itself and its agents, employees, representatives, attorneys, predecessors, subsidiaries, successors, assigns, heirs, executors and administrators, does hereby release, remise and forever discharge DOMARADZKI from all claims, causes of action, suits, debts, damages and demands, whatsoever, either in law or equity, which IVANHOE asserted or could have asserted by reason of any matter arising out of or in any way connected to the allegations pled in the Litigation. It is the intention of the parties that DOMARADZKI be

released of any claims regarding any matters relating to the relationship between IVANHOE, HIGHLAND, and DOMARADZKI as evidenced by the Broker/Lender Agreement between them.

5.    HIGHLAND and DOMARADZKI, for themselves and their agents, employees, representatives, attorneys, predecessors, subsidiaries, successors, assigns, heirs, executors and administrators, do hereby release, remise and forever discharge IVANHOE and its affiliates, predecessors, successors, assigns, agents, representatives, partners, officers, employees, attorneys and insurers, and each of them individually and collectively, from all claims, causes of action, suits debts, damages and demands, whatsoever, either in law or equity, which HIGHLAND or DOMARADZKI asserted or could have asserted by reason of any matter arising out of or in any way connected to the allegations pled in the aforementioned Litigation. It is the intention of the parties that IVANHOE be released of any claims regarding any matters relating to the relationship between IVANHOE, HIGHLAND, and DOMARADZKI as evidenced by the Broker/Lender Agreement between them.

6.    IVANHOE represents and warrants that it is the sole possessor of the claim or cause of action which is the subject of the Litigation, and it has not transferred, sold, conveyed or in any other manner, by merger, takeover or sale, alienated this claim to any other party.

7.    IVANHOE and HIGHLAND and DOMARADZKI further agree that:

A.    Each is responsible for its own attorneys' fees and costs incurred in connection with the Litigation;

B    This instrument of full release and the Consent provided herein is executed as a compromised settlement of a disputed claim and is intended to be a full and final settlement of all claims relating directly or indirectly, contemplated or uncontemplated, to the Litigation. It is understood that neither the payment nor receipt of consideration set forth herein is deemed an acceptance, admission, acknowledgment or a concession of

liability by any party hereto, nor an admission of the amount of monies claimed in the Litigation. It is further understood that one of the expressed purposes of this Agreement is to forever limit the amount of money to be paid by or on behalf of HIGHLAND and DOMARADZKI, their agents, employees, representatives, attorneys, predecessors, subsidiaries, successors, assigns, heirs, executors and administrators, arising out of or relating in any way to the aforementioned Litigation.

C.      IVANHOE, HIGHLAND and DOMARADZKI agree that the existence of this Agreement, its terms and conditions and the amount of payment called for, as well as any facts concerning the Litigation or any other proceedings shall be kept strictly confidential and not be revealed without the consent of both parties, or ordered by a court of appropriate jurisdiction, or in the course of any legal actions against third parties that arise out of any transactions that were a party of this Litigation. Any such breach is subject to and governed by the laws of Illinois. The parties agree, however, that IVANHOE may disclose the amounts and timing of payments made or to be made hereunder to its accountants, the Internal Revenue Service, or any other governing body of law or government agency requiring such information. The parties further agree that nothing in this Agreement, including this Paragraph 7.C., is intended to interfere with or prohibit Ivanhoe's ability to assign its rights and obligations under this Agreement and that this confidentiality provision shall not therefore apply to Ivanhoe's communications to potential successors and assigns.

8.      IVANHOE, HIGHLAND and DOMARADZKI each represent and warrant that:

A.      They have read this Agreement, understand that it contains a Release and Consent to the entry of Final Judgment, have signed it voluntarily after consultation with counsel, and acknowledge that they are not entering into this Agreement on the basis of any promise or representation, express or implied, that is not set forth herein.

B.    They have not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand, cause of action, obligation, damage or liability covered by this Agreement.

C.    They have full authority and necessary approval to enter into and perform this Agreement in accordance with its terms and conditions.

9.    This Agreement sets forth the entire agreement between the parties, and there are no prior or contemporaneous oral or written representations, promises or agreements not expressly referred to herein. Any amendment, alteration or addition to this Agreement must be made in writing, dated and signed by all of the parties hereto. All words, phrases, sentences and paragraphs, including the recitals hereto, are material to the execution hereof.

10.    The validity, construction and enforceability of this Agreement shall be construed under and governed by the laws of the State of Illinois.

11.    This Agreement may be signed in counterparts, each of which shall be an original with the same effect as if the signatures thereto and hereto were upon the same instrument.

12.    The initial $85,000 payment hereunder shall be delivered to Daniel J. Becka, Myron M. Cherry & Associates LLC, 30 North LaSalle Street, Suite 2300, Chicago, Illinois, 60602, upon execution of this agreement. The monthly installment payments hereunder shall be sent by U.S. First Class Mail or overnight courier to be received by IVANHOE by the 1st of each month, addressed to Ed Sauer, Ivanhoe Financial, Inc., 604 Courtland Street, Orlando, Florida 32804. Any notice of default required to be provided herein shall be deemed made if sent by

overnight courier, addressed to Wieslaw Domaradzki, Highland Banc Corp, 6945 West Archer Avenue, Chicago, Illinois, 60638.

AGREED TO BY:                                         IVANHOE FINANCIAL, INC.

Subscribed and Sworn to before me                   By: _____
this _ __ __ day of September, 2005.
_____
     Notary Public

AGREED TO BY:                                         HIGHLAND BANC CORP

Subscribed and Sworn to before me                   By: _____
this _18TH_ day of September, 2005.                       Wieslaw Domaradzki, President

   Notary Public

**"OFFICIAL SEAL"**
**RICHARD PIKULA**
COMMISSION EXPIRES 02/03/09

AGREED TO BY:                                         WIESLAW DOMARADZKI, Individually

Subscribed and sworn to before me
this _28TH_
_____ day of September, 2005

_____
    Notary Public

**"OFFICIAL SEAL"**
**RICHARD PIKULA**
COMMISSION EXPIRES 02/03/09

**EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IVANHOE FINANCIAL, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 03 C 7336 |
| v. | ) ) ) | Judge John W. Darrah |
| HIGHLAND BANC CORP, an Illinois corporation, and WIESLAW DOMARADZKI, | ) ) ) ) | Magistrate Judge Morton Denlow |
| DEFENDANTS. | ) ) | |

**FINAL JUDGMENT BY CONSENT
AGAINST DEFENDANTS HIGHLAND BANC CORP and WIESLAW DOMARADZKI**

THIS MATTER came before the Court upon the Consent (the "Consent") of Defendants Highland Banc Corp and Wieslaw Domaradzki ("Defendants") to the Entry of a Final Judgment against them as provided for in that certain Settlement Agreement and Release between Defendants and Plaintiff Ivanhoe Financial, Inc. ("Plaintiff") dated as of September 23, 2005, and the Court, after considering the Consent in which Defendants consent to the entry of this Final Judgment, without admitting or denying the allegations of the Complaint except as to the existence of the jurisdiction of this Court over Defendants and over the subject matter of this action, and waive the making of any findings of fact and conclusions of law in this Final Judgment, and waive their right to appeal or otherwise contest the validity of this Final Judgment, and being otherwise duly advised in the premises, it is hereby:

ORDERED, ADJUDGED AND DECREED that Defendants shall pay Plaintiff a total of THREE HUNDRED THIRTY-FIVE THOUSAND DOLLARS ($335,000.00), less the amounts paid by Defendants to Ivanhoe to the date of the Consent, plus post-judgment interest on

the outstanding balance and initiated at the time of the entry of the Final Judgment, and at the maximum rate available under Illinois law, for which let execution issue.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any and all other claims that may have been asserted by Plaintiff against Defendants in this action are hereby merged into this Consent and Final Judgment.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants shall cooperate with Plaintiff, and provide any and all reasonable and proper discovery requested by Plaintiff, including, but not limited to, discovery concerning the financial condition, and ability to pay the Final Judgment by Defendants.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over Defendants and this action for all purposes, including, but not limited to, the enforcement of this Final Judgment.

**DONE AND ORDERED** in Chambers in Chicago, Illinois this ___ day of _____.

UNITED STATES DISTRICT COURT JUDGE

Copies furnished to:

EXHIBIT B TO SETTLEMENT AGREEMENT AND RELEASE

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IVANHOE FINANCIAL, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 03 C 7336 |
| v. | ) ) | Judge John W. Darrah |
| HIGHLAND BANC CORP, an Illinois corporation, and WIESLAW DOMARADZKI, DEFENDANTS. | ) ) ) ) ) | Magistrate Judge Morton Denlow |

## AGREED ORDER OF DISMISSAL

**THIS MATTER** coming before the Court upon the agreement of the parties hereto pursuant to that certain Settlement Agreement and Release (the "Agreement"), dated September 23, 2005, by and between IVANHOE FINANCIAL, INC., a Delaware corporation ("IVANHOE"), HIGHLAND BANC CORP, an Illinois corporation ("HIGHLAND"), and WIESLAW DOMARADZKI, an Illinois resident ("DOMARADZKI"), and the Court being fully advised in the premises, it is hereby:

**ORDERED** that this action be and hereby is **dismissed without prejudice** to IVANHOE's right to reinstate this litigation in accordance with the Agreement and this Order.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over HIGHLAND, DOMARADZKI ("Defendants"), and this action for all purposes, including, but not limited to, the enforcement of the Agreement or the reinstatement of this litigation in accordance with the Agreement and this Order.

**IT IS FURTHER ORDERED** that, upon notification by IVANHOE that Defendants have met all of their obligations under the Agreement within 5 business days of the final payment, this action will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that, upon notification by IVANHOE that Defendants have not met their obligations under the Agreement, this action will be reinstated without prejudice to IVANHOE'S rights to assert any and all of the claims asserted in this litigation prior to entry of this Agreed Order of Dismissal (including any claims that might otherwise be barred by any applicable statute of limitations because of the pendency of this Agreed Order and/or the dismissal of this action without prejudice). Upon reinstatement of the action by IVANHOE, HIGHLAND and DOMARADZKI may assert any and all affirmative defenses and counterclaims existing in the Litigation prior to entry of the Agreed Order of Dismissal (including any affirmative defenses and counter claims that might otherwise be barred by any applicable statute of limitations because of the pendency of the Agreed Order and/or dismissal of this action without prejudice.)

**DONE AND ORDERED** in Chambers in Chicago, Illinois this ___ day of _____, 2005.

UNITED STATES DISTRICT COURT JUDGE

Copies furnished to:

Exhibit B

| | | |
|---|---|---|
| IVANHOE FINANCIAL, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 03 C 7336 |
| v. | ) ) | Judge John Darrah |
| HIGHLAND BANC CORP, an Illinois corporation, and WIESLAW DOMARADZKI, | ) ) ) ) | Magistrate Judge Morton Denlow |
| | ) | Jury Demanded |
| Defendants. | ) | |

## AFFIDAVIT OF PAUL F REICH

I, **PAUL F REICH**, being first duly sworn on oath, deposes and states as follows:

1.     I am President of Ivanhoe Financial, Inc. ("Ivanhoe"), Plaintiff in the above-referenced action.  I make this Affidavit in support of the entry of a Final Judgment against defendants Highland Banc Corp. ("Highland Banc") and Wieslaw Domaradzki ("Domaradzki") in accordance with a certain Settlement Agreement and Release, dated as of September 23, 2005, by and between Ivanhoe, Highland Banc and Domaradzki (the "Settlement Agreement").  I have reviewed the books and records of Ivanhoe and am knowledgeable regarding the factual matters asserted herein.

2.     Beginning in February 2007, Highland Banc and Domaradzki failed to make the monthly settlement payments of Five Thousand Five hundred Eighty-three and 33/100 Dollars ($5,583.33) as required under Paragraph 1(B) of the Settlement Agreement.  Pursuant to Paragraph 1(B), on or about April 11, 2008 (Friday), Ivanhoe, through its attorneys, sent to

Highland Banc and Domaradzki (via overnight delivery) a written notice of the default under the Settlement Agreement. In accordance with the Settlement Agreement, the notice of default was addressed to Wieslaw Domaradzki, Highland Banc Corp., 6945 West Archer Avenue, Chicago, Illinois, 60638. Delivery receipt confirms delivery of the notice of default to Domaradzki and Highland Banc on April 14, 2008 (Monday).

3.    Since February 2008, Domaradzki and Highland Banc have been and continue to be in default under the Settlement Agreement for their failure to make the required monthly payments thereunder, thus warranting the entry of Final Judgment against Highland Banc and Wieslaw Domaradzki in accordance with Paragraph 1(C) of the Settlement Agreement.

4.    Since the entry by the parties into the Settlement Agreement, Highland and Domaradzki have paid to Ivanhoe a total of Two hundred Thirty-Four Thousand Five Hundred Thirty-Four and 91/100 Dollars ($234,534.91).

PAUL F REICH
President, Ivanhoe Financial, Inc.

**STATE OF FLORIDA**    )
                        ) ss.:
**COUNTY OF ORANGE**    )

SUBSCRIBED and SWORN to before me
this   17   day of July, 2008.

                Notary Public

BILLIE PATRICK-DILL
MY COMMISSION # DD 631813
EXPIRES March 1, 2011

2

Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IVANHOE FINANCIAL, INC., a ) 
Delaware corporation, ) 
      ) 
     Plaintiff, )    No. 03  C 7336
     v. ) 
      )    **Judge John W. Darrah**
HIGHLAND BANC CORP, an )    **Magistrate Judge Morton Denlow**
Illinois corporation, and WIESLAW ) 
DOMARADZKI, ) 
      ) 
     Defendants. ) 

## FINAL JUDGMENT BY CONSENT AGAINST DEFENDANTS
## HIGHLAND BANC CORP. AND WIESLAW DOMARADZKI

THIS MATTER came before the Court upon a Motion for Entry of Judgment of Plaintiff

Ivanhoe Financial, Inc. ("Plaintiff") and the Consent (the "Consent") of Defendants Highland

Banc Corp and Wieslaw Domaraczki (collectively "Defendants"), to the Entry of a Final

Judgment against them as provided for in that certain Settlement Agreement and Release

between Defendant and Plaintiff dated as of September 23, 2005, and the Court, after

considering the Consent in which Defendants consent to the entry of this Final Judgment,

without admitting or denying the allegations of the Complaint except as to the existence of the

jurisdiction of this Court over Defendants over the subject matter of this action, and waive the

making of any findings of fact and conclusions of law in this Final Judgment, and waive their

rights to appeal or otherwise contest the validity of this Final Judgment, and being otherwise

duly advised in the premises, it is hereby:

**ORDERED AND ADJUDGED AND DECREED** that Defendants shall pay Plaintiff

Four Hundred twenty Thousand and no/100 Dollars ($420,000.00) less Two Hundred Thirty-

Four Five Hundred Thirty-Four and 91/100 Dollars ($234,534.91) or a total of One Hundred Eighty-five Thousand Four Hundred Sixty-Five Dollars and Nine Cents ($185,465.09), plus post-judgment interest at the maximum rate available under Illinois law, for which let execution issue.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any and all other claims that may have been asserted by Plaintiff against Defendants in this action are hereby merged into this Consent and Final Judgment.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants shall cooperate with Plaintiff, and provide any and all reasonable and proper discovery requested by Plaintiff, including, but not limited to, discovery concerning the financial condition, and ability to pay the Final Judgment by Defendant.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over Defendants and this action for all purposes, including, but not limited to, the enforcement of this Final Judgment.

**DONE AND ORDERED** in Chambers in Chicago, Illinois, this _____ day of _____ _____, 2009.

ENTER:

_____
**UNITED STATES DISTRICT COURT JUDGE**